UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DEWITT LLP, a Wisconsin limited liability partnership, | Civil File No: _____ |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SUSAN L. ANDERSON, an individual, | |
| Defendant. | |

---

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff DeWitt LLP ("DeWitt" or "Firm"), for its Complaint against Defendant Susan L. Anderson ("Anderson") demands a jury trial and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that the matter exceeds $75,000 exclusive of interest and costs, and complete diversity exists between and among the parties.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff DeWitt LLP ("DeWitt" or the "Firm") is a law firm limited liability partnership with offices in Minneapolis, Minnesota; Madison, Wisconsin; and Brookfield, Wisconsin. Prior to January 2019 the Firm did business as DeWitt Mackall

Crounse & Moore, s.c. in Minnesota and as DeWitt Ross & Stevens, s.c., in Wisconsin. DeWitt LLP has a Minnesota address at 901 Marquette Avenue S., Suite 2100, Minneapolis, MN 55402.

4. Defendant Susan L. Anderson ("Anderson") is an individual with an address at 530 Harlan Blvd., Unit 820, Wilmington, Delaware 19801. At all times relevant to this Complaint Anderson was an attorney licensed to practice law in the state of Minnesota, and was a resident of the state of Minnesota.

## FACTUAL BACKGROUND

5. For a period prior to 2016 Anderson practiced law with the firm of Messerli & Kremer, P.A. in Minneapolis.

6. Through the services of a recruiting firm, in 2015 Anderson came to the attention of the Firm as a candidate for a lateral partner position.

7. Anderson provided the Firm with background information, including completing a "Lateral Partner Questionnaire," and by providing information she represented to be a truthful account of her billings, collections and compensation for the preceding several years at the Messerli & Kremer firm.

8. Subsequent to providing this information, the Firm offered, and Anderson accepted, a position as a "Non-Equity Partner" pursuant to the "DeWitt Mackall Crounse & Moore, S.C. Susan Anderson Employment Agreement" ("Employment Agreement") with an effective date of February 8, 2016.

9. Through the Employment Agreement, Anderson became obligated to defray the Firm's general overhead, and obtained a monthly draw in the amount of

$6666.67. The Employment Agreement also provided that Anderson would receive credit for revenue generated as an originating attorney and as a producing attorney in accordance with a formula therein described.

10. Pursuant to the obligations she undertook in the Employment Agreement, to the extent Anderson failed to obtain revenue recognition as an originating and producing attorney sufficient to meet or exceed her overhead, draw, and other cost obligations to the Firm, she would become obligated to the Firm for the shortfall.

11. Throughout her employment with the Firm, Anderson failed to generate originating attorney or producing attorney revenue sufficient to meet her obligations as a Non-Equity Partner for overhead, draw, and other costs, and therefore had a "capital account" deficit.

12. As her account deficit increased, Anderson was periodically advised by the Firm's management that her failure to overcome the deficit would make her continued employment by the Firm non-viable. Anderson was further advised and reminded that under the terms of her Employment Agreement, she would remain liable to the Firm for any account deficit even after the cessation of her employment with the Firm.

13. Anderson resigned her employment with the Firm on June 13, 2017. At the time her employment terminated, Anderson's account deficit to the Firm totaled $169,469.00.

14. In a letter to Anderson dated August 20, 2018, and sent to her Minnesota address, the Firm advised Anderson that subsequent to her departure certain receivables associated with her work had been collected, reducing her obligation to the Firm to

$157,773.00. The August 20 letter further advised Anderson that she was liable to the Firm for this amount, and inquired how she intended to settle this debt. When the letter was returned, the Firm resent the letter to Anderson's new address in Wilmington, Delaware, behind a transmittal letter dated August 29, 2018.

15. Since August 2018, the Firm has not collected additional receivables to reduce Anderson's account deficit.

16. Despite demand, Anderson has made no payments to the Firm to reduce her account deficit, nor has she proposed any plan to pay this obligation.

## COUNT ONE
## BREACH OF CONTRACT

17. Plaintiff realleges and incorporates herein by reference the allegations contained in all previous paragraphs herein.

18. Defendant has breached her contract with the Firm.

19. Defendant owes the Firm $157,773.00 plus interest.

20. Plaintiff is entitled to damages from Defendant in an amount exceeding $75,000 to be proven at trial.

## JURY DEMAND

21. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a jury trial on all issues and claims that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. On Count One:

      A.      An Order finding that Defendant Susan L. Anderson breached her contract with Plaintiff;

      B.      Money damages in an amount exceeding $75,000 as proven at trial;

      C.      Pre-judgment and post-judgment interest; and

Such other and further relief and remedies as this Court deems just and proper.

Respectfully submitted,

Dated: September 17, 2019

DEWITT LLP

By *s/Dwight G. Rabuse*
Dwight G. Rabuse (#209429)
2100 AT&T Tower
901 Marquette Avenue
Minneapolis, MN  55402
Telephone:  (612) 305-1402
dwight@dewittllp.com

**ATTORNEYS FOR PLAINTIFF**